ORIGINAL

REISSUED FOR PUBLICATION
MAR 19 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 9, 2018

**FILED**

**FEB - 9 2018**

**U.S. COURT OF FEDERAL CLAIMS**

```
* * * * * * * * * * * * * * *
JAMES STRUCK,                        *
                                     *   No. 17-1326V
            Petitioner,              *   Special Master Sanders
                                     *
v.                                   *
                                     *   Dismissal; Statute of Limitations;
SECRETARY OF HEALTH                  *   Equitable Tolling
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
* * * * * * * * * * * * * * *
```

James Struck, *pro se*, Evanston, IL, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING MOTION TO DISMISS[1]

On September 18, 2017, James Struck ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10, *et seq.*[2] (2012) ("Vaccine Act" or "Program"). *See* Petition at 2-3.

The petition and subsequent filings also allege other claims unrelated to vaccine injuries. *See* Petition at 3-5 (claims relating to NASA); Pet'r Nov. 27, 2017 Filing at 1 (claims relating to NASA), 2-3 (claims relating to University of Chicago and Northwestern University); Pet'r Jan. 17, 2018 Filing at 5 (claims relating to disclosure), 7 (claims relating to harassment); Pet'r Jan. 22, 2018 Filing at 2-5 (claims relating to NASA). To the extent that Petitioner makes claims wholly unrelated to vaccine-related injury or death in his petition and other filings, those claims are not discussed or considered in this decision. The jurisdiction of the United States Court of Federal Claims is limited, and jurisdiction under the Vaccine Act is even further limited. 28 U.S.C.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

7017 1450 0000 1346 0379

§ 1491(a)(1); 42 U.S.C. § 300aa-12(a). "The United States Court of Federal Claims and the United States Court of Federal Claims special masters . . . have jurisdiction over proceedings to determine if a petitioner under [42 U.S.C. §] 300aa-11 is entitled to compensation under the Program and the amount of such compensation." 42 U.S.C. 300aa-12(a). Therefore, the undersigned cannot and does not consider Petitioner's claims that are unrelated to the Program.

The undersigned notes that Petitioner has a history of filing frivolous claims in federal courts, including the United States Supreme Court. *Struck v. Cook Cty. Pub. Guardian*, 130 S.Ct. 560 (2009) (Mem.) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless [the docketing fee is paid and the petition complies with Court rules]."). The Court of Federal Claims has similarly "barred [Petitioner] from filing any future complaints *in forma pauperis* pursuant to 28 U.S.C. § 1915" due to repeated frivolous filings. *Struck v. United States*, Nos. 15-788, 15-822, 15-832, 2015 WL 4722623, at *3 (Fed. Cl. 2015). Petitioner is hereby advised that it is inappropriate to use the Program to file claims unrelated to vaccines in an attempt to circumvent orders barring such filings.

On December 28, 2017, Respondent filed a Motion to Dismiss pursuant to Rule 12(b)(6). Resp't Mot. to Dismiss at 1. After careful consideration, the undersigned **GRANTS** Respondent's motion to dismiss.

## I.      Procedural Background

The petition in this case was filed on September 18, 2017. Petition at 1. In the petition, Petitioner alleges that "[t]hroughout [his] life [he] had bad cough, weakness, [and] muscle weakness linked to these vaccinations" that are listed on an attached immunization record. *Id.* at 2. Petitioner requested "compensation for the injury of bad cough, muscle weakness and fatigue after these vaccinations." *Id.* at 3. He also referenced "other booster shots given before attending graduate work." *Id.* Petitioner did not specify the dates of those vaccinations.

On October 30, 2017, Petitioner refiled the immunization record which was previously attached to his petition. The record lists seventeen vaccinations received between 1968 and 1977.[3] Pet'r Immunization Record at 1-2. On November 27, 2017, Petitioner filed a document labeled "Medical Records of Vaccination- and Clarification of Compensation Request from NASA as Part of the Complaint Initially."[4] Pet'r Nov. 27, 2017 Filing at 1. Regarding records of vaccination, Petitioner's filing states that in addition to the "list of 19 vaccination[s] already sent" in the previous filing, he also received additional vaccinations which he outlines generally in the filing as having been administered between his birth and 2005. *Id.* at 1-2. Petitioner also stated that "[t]here may have been more vaccinations," but that he could not recall "where or who from due to time pas[sed]." *Id.* at 2. Petitioner stated that he requested some of the records of the vaccinations he described, but could not obtain the records for various reasons. *Id.* at 1-2.

---

[3] The record also lists two tuberculin skin tests from the same time period. Pet'r Immunization Record at 2.

[4] All grammatical and other errors contained within quotations in this decision are as they appear in the original documents filed by Petitioner.

On December 4, 2017, Petitioner filed a Statement of Completion.  The filing contains a statement that "he has filed, to the best of his knowledge, all of the records required by 42 U.S.C. § 11(c)" pertaining to his case.  Statement of Completion at 1.  However, it also contains additional text referencing the November 27, 2017 filing and noting that he "could not obtain some of the vaccine records even though [he] attempted to get them" due to the reasons previously outlined. *Id.*

Respondent was then afforded time to file a Rule 4(c) Report or other appropriate response to Petitioner's claims.  Dec. 6, 2017 Order at 1.  On December 28, 2017, Respondent filed a Motion to Dismiss pursuant to Rule 12(b)(6).  Resp't Mot. to Dismiss at 1.  In his motion, Respondent argues that all of Petitioner's vaccine-related claims are time-barred.  *Id.* at 2-3.

Petitioner responded to the Motion to Dismiss in a document filed on January 17, 2018. Petitioner's filing is entitled "Reply-Vaccine Harassment, Demand to get dangerous vaccines, Act Title is for Childhood Vaccines so the legislative intent should supersede limitations, still timely filed as Had Bad Cough in September 2017 timely filed within 28 or 36 months, Amendment made in preceding 2 years mother may have had vaccination when I was in utero and she died 7/15/2017."[5]  Pet'r Jan. 17, 2018 Filing at 1.  Petitioner first states that all of the vaccines he received "were linked to a bad whooping cough like symptom throughout [his] childhood."  *Id.* He argues that because the Program "is designed to compensate injuries to children, the bad whooping cough should be compensated."  *Id.* at 1.  He further argues that the Vaccine Act should cover his claims because "[l]egislative intent and act title are more important than the language of an act."  *Id.*  Petitioner contends that compensation would be "impossible" if the Act is viewed "rigid[ly]," as children could not file for compensation within 28 months of their first symptoms. *Id.* at 5.  Petitioner also argues that a revision to the Vaccine Act in December 2016 relating to vaccines administered to pregnant women renders his claims timely because he filed the petition within two years of those revisions and his mother "probably had vaccinations while [he] was in utero."  *Id.* at 3.  Petitioner later explains that he "still had bad cough symptoms within 28 and 36 months of the filing of this claim," and notes that his "last incidence of bad cough was in about September 2017."  *Id.* at 5.  Therefore, he also argues, his petition was timely because it was filed "at the time of some bad cough symptoms."  *Id.*  Respondent did not submit a reply to Petitioner's response.

On January 22, 2018, Petitioner filed another document which responds in part to Respondent's motion.  Styled as a motion, the document is entitled "Motion Timeliness of Complaint as Smallpox is Not Covered in Vaccine Injury table so covered by Act Title 'National Childhood Vaccine Injury Act' and request for compensation for NASA programs I contributed to."  Pet'r Jan. 22, 2018 Filing at 1.  In the filing, Petitioner argues that although the smallpox vaccine that he received is not on the Vaccine Injury Table, it should be covered due to the name of the Vaccine Act.  *Id.*  Petitioner also states that "[c]oncealment of the Vaccine Injury Act's enactment . . . should be an adequate defense to the limitations period" because he did not become aware of the Act until September 2017.  *Id.* at 1-2.  He further argues that the limitations period

---

[5] Petitioner repeatedly references his mother's death in this filing, but he does not allege that his mother's death is related to any vaccinations that she may have received.  Pet'r Jan. 17, 2018 Filing at 3.

should be tolled during the time he attended various colleges because "school kept [him] busy." *Id.* at 2. Respondent did not respond to Petitioner's January 22, 2018 filing.

## II.    Applicable Legal Standard

Respondent moves for this case to be dismissed "for failing to allege a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims." Resp't Mot. to Dismiss at 1-2. Respondent's specific contention is that the petition was not filed within the time period prescribed by Section 16(a)(1) of the Act. *Id.*; 42 U.S.C. § 300aa-16(a)(1). Furthermore, although additional vaccinations are referenced in subsequent filings, Respondent argues that claims regarding those vaccinations are also time-barred, under Section 16(b). Resp't Mot. to Dismiss at 2-3; 42 U.S.C. § 300aa-16(b).

Although the Vaccine Rules do not directly include RCFC 12(b)(6), special masters have entertained motions based upon Rule 12(b)(6) because the standards for pleadings in the Vaccine Program are similar to the standards for pleadings in traditional civil litigation. *See Herren v. Sec'y of HHS*, No. 13-1000V, 2014 WL 3889070, at *1 (Fed. Cl. Spec. Mstr. 2014); *Bass v. Sec'y of HHS*, No. 12-135V, 2012 WL 3031505, at *5 (Fed. Cl. Spec. Mstr. 2012). In this case, Respondent argues that Petitioner has not stated a claim upon which relief can be granted, because even if all of Petitioner's allegations are accepted as true, each claim is time-barred and thus cannot result in a finding of entitlement to compensation. Resp't Mot. to Dismiss at 1-3.

Section 16(a) of the Vaccine Act provides the time limitations to file claims for vaccine-related injuries or death occurring as a result of the administration of vaccines set forth in the Vaccine Injury Table.   Claims for vaccine-related injuries or death relating to vaccines administered before October 1, 1988 must have been filed within "28 months after October 1, 1988." 42 U.S.C. § 300aa-16(a)(1). Claims for vaccine-related injuries relating to vaccines administered after October 1, 1988 must be filed within 36 months after the "date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." *Id.* § 300aa-16(a)(2).

Section 16(b) of the Vaccine Act covers time limitations related to changes in the Vaccine Injury Table. If the Vaccine Injury Table is revised in such a way that an individual who was not previously eligible to seek compensation under the Program becomes eligible, or if the change "significantly increase[s] the likelihood of obtaining compensation," that individual may file a petition no later than 2 years after the effective date of the revision. 42 U.S.C. § 300aa-16(b). The vaccine-related death or injury must not have occurred more than eight years prior to the date of the revision of the table. *Id.*

The Federal Circuit has held that equitable tolling applies to Vaccine Act cases in limited circumstances. *Cloer v. Sec'y of HHS*, 654 F.3d 1322, 1340 (Fed. Cir. 2011). However, the Federal Circuit has rejected the contention that equitable tolling should be applied where a petitioner is simply "unaware[] of a causal link between an injury and administration of a vaccine" before the statute of limitations deadline has passed. *Id.* at 1345. Instead, the court has signaled that equitable tolling would only be appropriate if there were some type of extraordinary circumstance, such as fraud or duress. *Id.* at 1344-45. Prior decisions in the Program have held

that ignorance of the Vaccine Act did not justify equitable tolling. *Phillips v. Sec'y of HHS*, No. 16-1045V, 2017 WL 1293445, at *4 (Fed. Cl. 2017); *Clubb v. Sec'y of HHS*, No. 15-891, 2017 WL 7310150, at *6 (Fed. Cl. Spec. Mstr. 2017); *Maack v. Sec'y of HHS*, No. 12-354V, 2013 WL 4718924, at *5 (Fed. Cl. Spec. Mstr. 2013); *Anderson v. Sec'y of HHS*, No. 12-16V, 2013 WL 691003, at *5-6 (Fed. Cl. Spec. Mstr. 2013); *see also Esso Standard Oil Co. v. United States*, 559 F.3d 1297, 1305 (Fed. Cir. 2009) (holding that "ignorance of the governing statute" reflects a lack of diligence and does not warrant the application of the doctrine of equitable tolling).

## III.   Discussion

### A. Petitioner's claims are all beyond the statute of limitations.

In his Motion to Dismiss, Respondent argues that Petitioner's claims are all beyond the applicable statute of limitations period. Based on the record as a whole, the undersigned finds that Petitioner did not file his claim for any of the injuries he alleges were caused by vaccinations before the expiration of the statute of limitations.

The petition alleges seventeen separate vaccine administrations between March 1968 and February 1977. Petition at 6-7. The vaccines documented as having been administered were: (1) diphtheria, tetanus, pertussis ("DTP"); (2) OPV trivalent; (3) measles, live attenuated without ISG; (4) tetanus, diphtheria, adult type ("TD"); (5) mumps; (6) rubella; and (7) smallpox. *Id.* Petitioner also referenced "other booster shots given before attending graduate work" in the petition. *Id.* at 3. Later filings also include references to other unidentified vaccines or vaccines that were administered at unknown times. In Petitioner's November 27, 2017 filing, he references the following vaccinations: (1) "some vaccinations" given at the time of his birth; (2) "vaccinations from [the] 1970's-1980's"; (3) "from 1-4 vaccinations for flu from 1997-2005"; (4) "several booster vaccinations in 1992"; and (5) possibly "more vaccinations [that he has] no recollection of . . . due to time pas[sed]." Pet'r Nov. 27, 2017 Filing at 2. None of the identified or described vaccinations would bring Petitioner's claim within the statute of limitations period.[6]

Claims regarding injuries relating to any vaccines that were administered before October 1, 1988 must have been filed no later than 28 months after October 1, 1988. 42 U.S.C. § 300aa-16(a)(1). This petition was not filed until September 18, 2017. Therefore, even if the undersigned assumes that Petitioner received all of the vaccines listed or generally described, and that one or more of them caused a vaccine-related injury, none of the claims regarding vaccines administered before October 1, 1988 were filed before the expiration of the statute of limitations.

As to the vaccines allegedly administered after October 1, 1988, any claim for a vaccine-related injury must have been filed within 36 months after the "date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." 42 U.S.C. § 300aa-16(a)(2). The petition alleges that "[t]hroughout [his] life [Petitioner] had bad cough,

---

[6] Respondent also noted that the smallpox vaccine is not covered by the Vaccine Injury Table. Resp't Mot. to Dismiss at 2 n.2. Because Petitioner's claim is outside of the applicable statute of limitations period, this decision does not address whether injuries caused by vaccines that cannot be specifically identified and/or vaccines that are not covered by the Vaccine Injury Table would otherwise be eligible for compensation under the Vaccine Act.

weakness, [and] muscle weakness" which he links to the vaccines that he received.  Petition at 2. Taking Petitioner's filings in the light most favorable to him, his last vaccination was an unknown type of influenza vaccine purportedly administered as late as 2005.  Pet'r Nov. 27, 2017 Filing at 2.  Petitioner asserts that this vaccine was "linked to bad cough."  *Id.*  The petition was filed on September 18, 2017; therefore, the first symptom or manifestation of onset of an injury or the significant aggravation of an injury must have occurred no earlier than September 18, 2014.  Thus, for the claim to be timely, the period between the vaccine and alleged onset of the "bad cough" would need to be at least nine years.  Petitioner does not explain when the "bad cough" that he links to the influenza vaccinations began; nor does he explain why he links it with the vaccines. However, a nine-year period of delayed onset is irreconcilable with his claims that "[t]hroughout [his] life [he] had bad cough" symptoms which he linked with vaccines.  Petition at 2. Additionally, by declaring that he "still had bad cough symptoms within 28 and 36 months"[7] before filing his petition, Petitioner negates any argument that he did not have such symptoms in the nine years following the 2005 vaccine.  Therefore, any claim regarding the 2005 vaccine is time-barred.[8]

Petitioner is correct in asserting that changes were made to the Vaccine Injury Table within two years prior to the filing of his petition.  Pet'r Jan. 17, 2018 Filing at 3; *see* 21st Century Cures Act, Pub. L. No. 114-255 sec. 3093(c), §§ 300aa-11(f), -14(3), 130 Stat. 1033, 1152 (2016).  The changes expanded the Program to cover vaccines recommended for routine administration to pregnant women and clarified that both a woman receiving the covered vaccine during pregnancy and her in utero child can file claims for vaccine-related injuries.  *Id.*  However, the changes that were made did not render Petitioner newly-eligible to seek compensation under the Program or "significantly increase the likelihood of obtaining compensation," and therefore Section 16(b) does not render his petition timely.  42 U.S.C. § 300aa-16(b).  Furthermore, Section 16(b)(2) limits newly-eligible claims if the vaccine-related injury occurred more than eight years before the date of the revision of the table.  42 U.S.C. § 300aa-16(b)(2).  If Petitioner is attempting to allege that his childhood injuries were caused by vaccinations received by his mother while he was in utero, and that such a claim was not covered by the Program until 2016, he is not eligible to seek compensation for his alleged injuries because they occurred more than eight years prior to the Table change.

## B.  Petitioner has not demonstrated that equitable tolling should apply.

Petitioner argues that "[c]oncealment of the Vaccine Injury Act's enactment . . . should be an adequate defense to the limitations period" because he did not become aware of the Act until September 2017.  Pet'r Jan. 22, 2018 Filing at 1-2.  He further argues that the limitations period should be tolled during the time he attended various colleges because "school kept [him] busy." *Id.* at 2.  The Federal Circuit found in *Cloer* that equitable tolling due to a petitioner's "unawareness of a causal link between an injury and administration of a vaccine" is unavailable in Vaccine Act cases.  654 F.3d 1322, 1345 (Fed. Cir. 2011).  The undersigned finds that Petitioner's

---

[7] Pet'r Jan. 17, 2018 Filing at 5.

[8] The issue of whether a nine-year period between vaccination and onset of symptoms would be supported by a reasonable basis is not addressed in this decision because Petitioner's own account of his history does not support such a delayed onset.  However, it is doubtful that a theory involving such an extended onset period could be supported.

analogous lack of awareness of the Vaccine Act itself does not justify tolling of the statute of limitations period. This is consistent with other decisions in the Program and Federal Circuit precedent relating to other statutes. *Phillips v. Sec'y of HHS*, No. 16-1045V, 2017 WL 1293445, at \*4 (Fed. Cl. 2017); *Clubb v. Sec'y of HHS*, No. 15-891, 2017 WL 7310150, at \*6 (Fed. Cl. Spec. Mstr. 2017); *Maack v. Sec'y of HHS*, No. 12-354V, 2013 WL 4718924, at \*5 (Fed. Cl. Spec. Mstr. 2013); *Anderson v. Sec'y of HHS*, No. 12-16V, 2013 WL 691003, at \*5-6 (Fed. Cl. Spec. Mstr. 2013); *see Esso Standard Oil Co. v. United States*, 559 F.3d 1297, 1305 (Fed. Cir. 2009) (holding that "ignorance of the governing statute" reflects a lack of diligence and does not warrant the application of the doctrine of equitable tolling).

Petitioner's argument that "rigid views of the act would make compensation impossible" for injured children, essentially an argument that the limitations period should be tolled until a minor becomes an adult, also fails. Pet'r Jan. 17, 2018 Filing at 5. The Vaccine Act provides that the "person who has sustained a vaccine-related injury [or] the legal representative of such person if such person is a minor or is disabled" may file a petition for compensation under the Program. 42 U.S.C. § 300aa-11(b)(1)(A). Therefore, tolling based on the age of the injured person is unavailable, as legal representatives can bring claims on behalf of minors or others who are unable to bring claims for themselves. Regardless, Petitioner is well above the age of majority,[9] and such tolling would not serve to bring his claims within the limitations period.

Lastly, although not exactly an argument related to tolling, Petitioner argued that he should be compensated for the "bad whooping cough like symptom throughout [his] childhood" because the Program "is designed to compensate injuries to children," notwithstanding the time limitations contained in the Vaccine Act itself. Pet'r Jan. 17, 2018 Filing at 1; *see also* Pet'r Jan. 22, 2018 Filing at 1 ("I am still eligible for compensation under the Title of the Act related to Compensation for Childhood Vaccine injury linked to bad whooping cough."). The Federal Circuit noted in *Cloer* that, while not jurisdictional, the "purpose of the statute of limitations in the Vaccine Act is to protect the government from stale or unduly delayed claims." 654 F.3d 1322, 1341 n.9 (Fed. Cir. 2011). While equitable tolling applies to the Vaccine Act, the argument that a blanket period of indefinite tolling should be applied for any petitioner injured as a child is directly contrary to the inclusion of the timeliness requirements. The undersigned does not find a basis in equity for tolling the limitations period in this case.

## IV.   Conclusion

Petitioner filed his petition on September 18, 2017. Although many of the allegations contained in the petition and subsequent filings are not eligible for determination by the undersigned, Petitioner did allege that he suffered injuries resulting from numerous vaccines he received throughout his lifetime. Taking all of Petitioner's pleadings in the light most favorable to him, the undersigned finds that all of Petitioner's vaccine-related claims were untimely filed, and equitable tolling is not applicable to extend the filing deadline. Therefore, Respondent's Motion to Dismiss is **GRANTED**.

---

[9] *See* Pet'r Jan. 17, 2018 Filing at 3 (Petitioner states that he was born in 1967).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[10]

      **IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint or separate filing of a notice renouncing the right to seek review.