**ORIGINAL**

REISSUED FOR PUBLICATION
APR 19 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Filed: March 19, 2018

**FILED**
MAR 19 2018
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES STRUCK, | * | No. 17-1326V |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

## ORDER DENYING MOTION FOR RECONSIDERATION[1]

On February 9, 2018, the undersigned granted Respondent's Motion to Dismiss because all of Petitioner's vaccine injury-related claims were untimely filed, and equitable tolling was not applicable to extend the filing deadline. On March 7, 2018, Petitioner filed a document styled "Motion for Reconsideration-reasons why statute of Limitations has no Value and Being Co-president of the US as Barack is Kenya, British and Indonesia allows me to argue *Nullum tempus occurrit regi* ("no time runs against the king"), And How My other Claims were not frivolous as Cook County Guardian, Northbrook, Highland Park really did kill my mother with oil based pharmaceuticals linked to her death and not being able to walk, talk or move."[2]

Vaccine Rule 10(e) governs motions for reconsideration. Pursuant to that rule, "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision, if a judgment has not been entered and no motion for review under Vaccine Rule 23 has been filed." Vaccine Rule 10(e)(1). Petitioner's Motion for Reconsideration was filed before judgment entered, but was not filed within 21 days of the issuance of the Decision,

---

[1] Because this order contains a reasoned explanation for the action in this case, it shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Capitalization and other emphasis is quoted as it appears in Petitioner's filing.

and it is therefore untimely. Nevertheless, the undersigned has considered the arguments set forth in Petitioner's Motion for Reconsideration.

In considering the motion, "[t]he special master has the discretion to grant or deny the motion, in the interest of justice." Vaccine Rule 10(e)(3). Although "the interest of justice" is not defined in the rule, many Program decisions assume without deciding that the "interest of justice" standard is equivalent to the standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims ("RCFC"). *See Kerrigan v. Sec'y of HHS*, No. 16-270V, 2016 WL 7575240, at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2016). Under RCFC 59(a), the burden is on the moving party to "show either that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice." *Brock v. United States*, 2010 WL 3199837, at *2 (Fed. Cl. July 20, 2010) (citing *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)). Petitioner does not argue in his motion that a change in the controlling law has occurred or that new evidence is available which would support his vaccine-related claims. Therefore, it appears that Petitioner is arguing that his motion is necessary to prevent manifest injustice. The Court of Federal Claims has defined "manifest injustice" to be unfairness that is "clearly apparent or obvious." *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002).

The Decision dismissing Petitioner's claim was based on the statute of limitations applicable to vaccine-related injury claims. Petitioner makes four arguments related to the statute of limitations in his Motion for Reconsideration.[3] First, Petitioner asserts that no statute of limitations applies in his case pursuant to the common law doctrine of "nullum tempus occurrit regi," or "no time runs against the king." Mot. for Reconsideration at 1-2. Second, he claims that because vaccines can cause death, they are "therefore heinous without real statutes of limitations." *Id.* at 4. Third, Petitioner argues that the "continuing-violations doctrine" should apply to his claims because he was "harassed to get a vaccine within the last 36 months." *Id.* at 4-5. Fourth, Petitioner again states, as he did in his filings in response to the Motion to Dismiss, that "no cause of action was present until [he] became aware of the [Vaccine Act] in September 2017." *Id.* at 5. The undersigned finds that Petitioner has not persuasively shown that application of the statute of limitations to his claims results in clearly apparent or obvious unfairness.

Therefore, having considered all of Petitioner's arguments which are relevant to his claims regarding vaccine-related injury, the undersigned does not find that the interest of justice warrants reconsideration of the Decision dismissing Petitioner's claim. Accordingly, Petitioner's Motion for Reconsideration of the Decision granting Respondent's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master

---

[3] To the extent that Petitioner asks for reconsideration of those claims which are unrelated to vaccine-related injury or death, or raises new claims unrelated to vaccine-related injury or death, the undersigned does not have jurisdiction to consider those claims. Furthermore, the undersigned does not have the ability to sue other parties as requested by Petitioner.